**SO ORDERED.**

**SIGNED this 18 day of December, 2006.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

      STEPHAN L. BATTON,

            Debtor.                           **Case No. 05-09800-8-JRL**

_____

      JOSEPH N. CALLAWAY, TRUSTEE,

            Plaintiff,

      v.                                  **Adversary Pro. No.**
                                             **06-00004-8-AP**

      STEPHAN L. BATTON,

            Defendant.

_____

### ORDER

This adversary proceeding is before the court on the cross-motions for summary judgment filed by

the plaintiff, Joseph N. Callaway as trustee, and the defendant, Stephan L. Batton. On December 11,

2006, the court conducted a hearing on this matter in Raleigh, North Carolina.

## UNDISPUTED FACTS

1.      On October 19, 2006, the parties filed a Stipulation of Facts in this adversary

proceeding setting forth the following:

a.      The plaintiff is the appointed Chapter 7 trustee in the defendant's bankruptcy case.

b.      On October 14, 2005,  the defendant filed a voluntary petition for relief under

Chapter 7.

c.      The defendant is a citizen and resident of Currituck County, North Carolina. He is

not an infant, incompetent person, or otherwise under legal disability.

d.      Katherine W. Batton ("Ms. Batton") is the mother of the defendant and is a citizen

and resident of the Commonwealth of Virginia. She is not an infant, incompetent person, or otherwise under

legal disability.

e.       On December 2, 2005 and December 13, 2005, the plaintiff wrote the defendant

through counsel requesting the turnover of his past three years of business and personal bank account

statements and tax returns.

f.      Among the records produced by the defendant during the course of this adversary

proceeding are statements from an account held solely in the defendant's name with Bank of America,

bearing Account No. 0041-3061-1284 ("the Account").

g.      The bank statements produced by the defendant show a deposit of $55,119.19 on

February 7, 2005 into the Account.

h.      The funds comprising the February 7, 2005 deposit represented life insurance proceeds

2

payable upon the death of the defendant's brother, Lacy R. Batton, Jr. Under the policy, Ms. Batton was the sole beneficiary of the life insurance proceeds.

   i.  On February 18, 2005, $33,000.00 was transferred from the defendant to Bank of America for the purchase of a certificate of deposit, bearing Account No. 2152750101803 ("the CD"). Ms. Batton was named as an account holder of the CD.

   j.  On February 23, 2005, Ms. Batton cashed out and received the entire CD balance of $33,010.08.

   k.  The transfers into the Account and out of it to Ms. Batton ("February 2005 transactions") were not reported on the defendant's Statement of Financial Affairs filed with his Chapter 7 bankruptcy petition.

   2.  In addition to the parties' Stipulation of Facts, the defendant filed an affidavit setting forth additional facts. The trustee did not provide evidence disputing the facts set forth in the defendant's affidavit:

   a.  The defendant's brother died on December 26, 2004.

   b.  The brother's life insurance policy was through ING, Southland Life Insurance Company ("ING").

   c.  As the sole beneficiary on the policy, Ms. Batton instructed ING to mail the life insurance proceeds payment directly to the defendant.

   d.  On approximately February 7, 2005, the defendant received a life insurance check from ING payable to Ms. Batton in the amount of $55,119.19.

   e.  Ms. Batton endorsed the check and instructed the defendant to use it to establish a joint account in the names of both Ms. Batton and the defendant.

3

f.     The defendant was unable to open a joint account with the check because his mother was not present at the bank to sign the signature card.

g.     After the defendant deposited the check into the Account held in his name, there was a ten-day hold placed on the availability of most of these funds.

h.     After the ten-day period expired, the defendant purchased the CD.

i.     The defendant purchased the CD for his mother to return life insurance proceeds that belonged to her.

j.     The defendant did not consider the proceeds used to purchase the CD as his own.

k.     The defendant did not realize that the purchase of the CD needed to be reported on the Statement of Financial Affairs.

l.     The defendant was mourning the loss of his brother whose death was tragic, sudden and unexpected.

<u>**STANDARD OF REVIEW**</u>

Rule 56 of the Federal Rules of Civil Procedure is applicable to adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). "When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If

4

the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

## ANALYSIS

The issue presented in the cross-motions for summary judgement is whether the defendant's discharge should be denied, pursuant to 11 U.S.C. § 727(a)(4)(A), for making a false oath or account by the defendant failing to report the February 2005 transactions in the Statement of Financial Affairs accompanying his petition.

Under § 727(a)(4)(A), "[t]he court shall grant the debtor a discharge unless—the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." 11 U.S.C. § 727(a)(4)(A). A party objecting to discharge under this provision has the burden of proving: "(1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case." Butler v. Schoonmaker (In re Schoonmaker), AP No. 04-00079-8-AP at 3 (Bankr. E.D.N.C. May 25, 2006)(quoting Sholdra v. Chilmark Fin., LLP (In re Sholdra), 249 F.3d 380, 382 (5th Cir. 2001)). "[T]he court may infer from circumstantial evidence, including a pattern of concealment and non-disclosure, that the debtor acted with the necessary intent." Butler v. Ingle (In re Ingle), 70 B.R. 979, 983 (Bankr. E.D.N.C. 1987). "The requirement that a false statement be knowingly and fraudulently made is satisfied for purposes of 11 U.S.C. § 727(a)(4) if the 'debtor knows the truth and nonetheless willfully and intentionally swears to what is false.'" Id. at 984 (quoting In re Cline, 48 B.R. 581, 584 (Bankr. E.D. Tenn. 1985). Fraudulent intent may be satisfied by proof of "a reckless indifference to the truth." Id. at 983.

5

The defendant asserts that he does not have the requisite intent under § 727(a)(4)(A) to be denied discharge. The trustee compares this case to Ingle, where the debtor failed to disclose a sixteen-foot boat and other assets on his schedules. Ingle, 70 B.R. at 983-85. The court in Ingle denied discharge finding a fraudulent concealment of property under § 727(a)(2) and a knowing and fraudulent false oath under § 727(a)(4); however, in determining whether the debtor had the requisite intent under § 727(a)(4)(A), the Ingle court found that no adequate explanation had been offered for failure to disclose the subject assets. Id. at 984-985; *see also* First Nat'l Bank of Mason City, Iowa v. Cook (In re Cook), 40 B.R. 903, 907 (Bankr. Iowa 1984)(finding the requisite intent under § 727(a)(4) where no adequate explanation of the debtor's failure to disclose a transfer of real property had been offered).

In Butler v. Schoonmaker (In re Schoonmaker), AP No. 04-00079-AP at 2 (Bankr. E.D.N.C. May 25, 2006), the debtor made false statements regarding his interest in real estate on his schedules. At trial, the testimony of the debtor, his wife, and his sister established that the debtor had relied on the advice of his attorney, who held himself out as a specialist in the practice of bankruptcy law, in preparing and filing the petition. Id. at 3. Moreover, the debtor made subsequent efforts to be truthful, to correct any misrepresentations, and to cooperate with the trustee. Id. at 3. The court concluded that, based on the direct and circumstantial evidence, the debtor did not have the requisite intent under § 727(a)(4)(A) to be denied discharge. Id. at 3.

Here, the evidence supports a normal pattern of family behavior where there was a sudden death in the family and an adult child was entrusted with handling the life insurance proceeds for an elderly parent. Ms. Batton, the elderly mother who was the sole beneficiary to the life insurance proceeds, instructed the defendant to handle the proceeds for her. The defendant's undisputed affidavit supports that the mother

6

directed the insurance company to send the proceeds payment to the defendant, and that the mother endorsed the check and requested the defendant to open a joint account. The evidence support that the proceeds would have been in a joint account; however, the elderly mother was not present at the bank to sign the signature card in order to open the joint account. The proceeds were only in the Account for ten days, as a result of a ten-day hold on the availability of most of the funds. The court finds that the defendant offered an adequate explanation for why he possessed the proceeds and for why he returned them to Ms. Batton in the form of a certificate of deposit after paying expenses under Ms. Batton's authority. There is no evidence to the contrary that the defendant used the proceeds for unauthorized means. While the defendant should have listed these February 2005 transactions on his petition, he offered an adequate explanation for why he omitted them. He never believed the life insurance proceeds were his own, as he was solely handling the proceeds for Ms. Batton–the beneficiary on the policy.

Based on the foregoing, the court grants summary judgment to the defendant on the count  under § 727(a)(4), as no evidence has been presented to establish the requisite intent for denying the defendant's discharge. The plaintiff's motion for summary judgment is denied.

"End of Document"